W. H. RUFFIN et al. v. JOHN K. RUFFIN, Executor of Pennie
W. Ruffin.

*Construction of Will—Furniture—Silverware—Instructions to
Executor.*

1. Where a testatrix bequeathed all her personal property to her husband, except such as was otherwise specifically disposed of in her will, and, after giving specific articles of silverware, etc., to certain persons, bequeathed to M. R. all the furniture in her homestead, and other furniture wherever it might be at her death: *Held*, that the "furniture" given to M. R. did not include silverware remaining after the specific bequests, or books or portraits, china or glassware, but did comprise carpets, cook-stoves and utensils.

2. While this Court has no jurisdiction of a case submitted without action, under section 567 of the Code of Civil Procedure, where it does not appear by affidavit that a controversy is real; yet, where all the parties interested in the construction of a will (including the executor, who is a claimant and is in possession of the property concerning which the question arises) agree, as petitioners, to submit the question to the decision of a Judge of the Superior Court: *Held*, that this Court will take cognizance of the case as an application by the executor for a construction of the will, so as to enable him to dispose of the fund in his hands.

THIS was a case submitted to *Brown, J.*, at Chambers,
upon a petition and agreement, as follows:

"Your petitioner respectfully represents to the Court
that he is desirous of a settlement of the estate of the said
Pennie W. Ruffin, deceased, under the last will and testament, and prays that the Court will construe the said last
will and testament, and in particular item two of said will,
in so far as it relates to a bequest of personal property to
John K. Ruffin, and item eleven of said will, in so far as
it relates to a bequest of personal property to Mary Tart
Ruffin—whether under said will silverware not specifically

bequeathed in other parts of the will, books, portraits, table and bed linen, mirrors, and other personal property used in and about the house, are the property of the said John K. Ruffin or the said Mary Tart Ruffin. To facilitate the immediate determination of this matter, we agree that his Honor George H. Brown, one of the Judges of the Superior Court of North Carolina, appointed to hold the Courts of the Third Judicial District, may hear and determine the same at such time and place as he may determine after coming into the district, and the petitioner, William H. Ruffin, herewith files his power of attorney from Samuel Ruffin, guardian of Mary Tart Ruffin, and the certificate of the Probate Court of Choctaw County, Alabama, that Samuel Ruffin is the lawful guardian of the said Mary Tart Ruffin.           " WILLIAM H. RUFFIN,

" *Petitioner and Attorney.*

" G. W. BLOUNT,

" *For the Executor.*"

Items " second " and " eleven " of Mrs. Ruffin's will were as follows :

" 2. That it is my will and desire that my husband have and enjoy for the term of his natural life, all of my lands in Franklin county, this State, and in Choctaw county, Alabama, using as he may see fit and to his own use and behoof the issues, rents and profits arising therefrom, and to him, my said husband, I bequeath all my personal property and estate not specifically disposed of by this will, or which I may hereafter by *memoranda,* in the nature of a codicil, dispose of.

" 11. I give and bequeath to Mary Tart Ruffin the furniture in homestead bequeathed to me by my mother, and other furniture, wherever it may be at the time of my death, belonging to me. I hereby nominate and appoint

my husband, John K. Ruffin, executor of this my last will and testament, and nominate my nephew, William Ruffin, to succeed him and fully administer my estate, after the death of my said husband; and I further provide that, in case of the death of my niece, Mary Tart Ruffin, before mine, and without issue, W. Ruffin shall stand in her stead and take the estate devised and bequeathed to her in Franklin county, without reference to any deficiency on account of mortgage."

His Honor, Brown, J., decided, and at October Term, 1892, of Wilson Superior Court, adjudged as follows: " The word furniture is to be taken in the sense in which it is generally used and understood. I construe the word to include the entire household furniture of deceased, such as bedsteads and bedding, beds and mattresses, chairs and tables, bureaus, wash-stands, 'what-nots,' hat-racks, book-cases, sideboards, etc. I do not think the term embraces any silverware. That is not generally known as or denominated furniture. I am of opinion that the term does embrace sofas, chairs, mirrors, clocks, but not china, glass-ware, or carpets, or books, or cook-stoves and utensils, or portraits attached to the wall. Those articles which I have designated as being embraced under the term 'furniture' I adjudge should be delivered by the executor to the guardian of said Mary T. Ruffin."

Defendant contended that the decision of his Honor was that of *arbitration* and *final*, while plaintiff insisted that the submission was on a *case agreed*, and not to *arbitration*, and that in the decision, and in the judgment subsequently entered at term, his Honor erred in that he did not include china, glassware, or carpets, or books, or cook-stoves and utensils, or portraits attached to the walls, or silverware, and from such judgment appealed.

*Messrs. J. F. Bruton* and *W. H. Ruffin*, for plaintiff (appellant).

*Messrs. Battle & Mordecai*, for defendant.

AVERY, J.: The controlling object, in seeking the proper interpretation of wills, being to ascertain the intention of the testator, technical words are usually construed according to their legal signification, yet from a remote period even this rule has been modified by the Courts to meet the purpose of a testator gathered from the whole instrument, on the ground that he is supposed to be *inops consilii*, and incapable of expressing his wishes in apt legal terms. Where a word having no known technical meaning, like "furniture," is used as a designation of property bequeathed, the testator's purpose disclosed from the context may determine its meaning, and, if his construction does not appear from other portions of the will, then it should be interpreted according to the signification ordinarily given to it as it is used in every-day life.

In item two the testatrix bequeathed to her husband, the defendant, who is also named as executor, all of her "personal property and estate not specifically disposed of by the will," which remained without alteration or modification by subsequent memorandum in the nature of a codicil, such as she reserved the right to make.

In another clause of the will, item eleven, the bequest made to Mary Tart Ruffin, the plaintiff, is of "the *furniture* in homestead bequeathed to me by my mother, and *other furniture*, wherever it may be at the time of my death belonging to me."

The question raised by the appeal is whether the Court below erred in holding that the bequest of furniture in item eleven did not embrace "silverware, china, glassware, carpets, books, portraits attached to the wall, or a cook-stove

and utensils." It is manifest that the testatrix did not intend to include silverware under that general designation, for the reason that she had given to her niece, Mrs. Mary Woodard, in item eight, her "silver pitcher, two silver goblets, and silver coffee-pot marked 'W,'" and in item ten she had given to the children of her brother, Haywood Ruffin, and Mizelle Ruffin, "the silver service of Thomas Ruffin," her brother (which had passed in some way to her), and had, without excepting these articles, bequeathed all furniture, wherever found at the time of her death, to the plaintiff. Would she not have inserted after furniture "except the silver pitcher," etc., disposed of in the previous item, or some equivalent expression, if she had used the words in a sense so broad? It might be, where an elegantly appointed and furnished hotel is leased with all of the furniture, that the silverware necessary to maintain the existing style would pass to the lessee, but in our case there is no devise of a house and no purpose to pass an entire outfit of an establishment, though the articles that had been transported from her mother's old homestead were designated together with the other furniture, wherever found.

We concur with the Judge who heard the case below, in the opinion that the word should be construed according to its usual meaning, and we may add that an examination of the whole will shows rather an intent to restrict the ordinary definition than to give to it a more comprehensive signification. That which fits a house for use is its furniture, just as the lock, etc., of a musket which enable one to use it, are designated in the same way. In its ordinary acceptation the word has not been understood to include silverware, china, glassware, books, or portraits attached to the wall, that are not generally essential to the comfort and convenience of housekeepers, but where, as in England, it was held generally to embrace plate, the case of a

bequest of a part of the plate to another than the general legatee of furniture was held an exception to the rule. *Franklin* v. *Earl of Barleigton*, P. Ch., 251. In most of the cases cited to sustain the plaintiff's claim that all of these articles are embraced, it appears from examination that the bequest was of " household furniture, goods and chattels" in a particular house, or "household goods and furniture." *Bunn* v. *Wenthrop*, 2 Johnson's Ch., 329 ; *Manton* v. *Laboi*, 54 Law Journal (N. S. Ch. Div.), 1008. In *Kelly* v. *Powlett*, 2 Amb., 605, cited by counsel, where the legacy included plate, pictures hung up, linen, china and household furniture, it was held not to embrace books. *Porter* v. *Pournay*, 3 Vesey, 310. We think it manifest that it was not the intent of the testatrix to give any silverware, not mentioned, to the plaintiff, or any other person than the defendant, who is the legatee of all personal property not " specifically " disposed of, and moreover that neither books, portraits, nor silverware are embraced by the simple word " furniture," as used in common parlance.

It is equally clear that carpets, cook-stoves and utensils are comprehended. China and glassware have been held to pass with a hotel or a house rented, as a part of the household furniture, as did silverware, but apart from such cases where from the instrument, the nature of the property, and the surrounding circumstances, it was manifestly the purpose of a testator or of contracting parties to give to the word the broader interpretation, it should be construed to include neither. In the case at bar the leading purpose of the testatrix seems to have been— while leaving certain mementoes, old family furniture and silver to which they would attach peculiar value, to her nieces and nephews—to provide for the maintenance for life and comfort of her husband, to whom she devised a life estate in all her lands and all of her personal property

not specifically mentioned. In view of the terms in which the bequest to the defendant is expressed, and the general purpose pervading the whole instrument, we readily understand how the learned Judge below was led to limit the extent of the bequest still further, as he did.

It is not our intention to give a construction to the word "furniture" applicable to every instrument. On the contrary, it must be always construed after taking the surrounding circumstances into consideration, and if in a particular case we should so interpret the purpose of a testator or the intent of contracting parties, we would give to it the meaning which seemed from the context and the circumstances to have been in contemplation of the parties, whether broader or more restricted than the construction adopted here. 8 Am. & Eng. Enc., 985, note 1; *Bell* v. *Golding*, 27 Ind., 173.

The defendant contends that the agreement signed was in effect a submission to Judge Brown as arbitrator, and that his decision is not subject to review. The plaintiff denominates this proceeding "a case submitted without action." This Court has no jurisdiction under section 567 of *The Code*, since it does not appear by affidavit that the controversy is real, etc. *Grant* v. *Newsome*, 81 N. C., 36. But it does appear with sufficient certainty that the personal property designated is in the possession of the executor, and that the articles mentioned must either be retained by the executor in his individual capacity as a legatee, or delivered to the other petitioner as included in the bequest to her, according to the construction which the Court may place upon the will of the testatrix. By consent, the parties file the whole of the will to be considered as a part of the petition, instead of the two clauses originally incorporated therein. As all of the parties interested in the decision of this question are petitioners, it seems that the

Court may take cognizance of the case as an application by an executor for a construction of a will, so as to enable him to dispose of property or a fund in his hands. *Bullock* v. *Bullock*, 2 Dev. Eq., 307; *Perkins* v. *Caldwell*, 77 N. C., 433.

The judgment of the Court must be so modified as to declare, adjudge and decree that the carpets, cook-stove and utensils pass by the will to Mary Tart Ruffin under the designation of furniture, and that the other articles of personal property mentioned in the petition are included in the bequest to John Ruffin.

Let this opinion be certified to the end that judgment may be entered accordingly.

Modified and Affirmed.