RODENBOUR, Respondent, v. QUASCHNICK, Appellant.

(245 N. W. 255.)

(File No. 7283. Opinion filed November 18, 1932.)

562

*Van Slyke & Agor,* of Aberdeen, for Appellant.

*C. G. Carrell,* of Lemmon, and *Morrison & Skaug,* of Mobridge, for Respondent.

CAMPBELL, P. J. Plaintiff instituted this action in claim and delivery to recover possession of two large oil paintings. Defendant admitted possession of the paintings, admitted refusal to surrender the same on plaintiffs demand, and claimed to own them. It is conceded, that the paintings were originally the property of plaintiff and hung upon the lobby wall of the Palace Hotel at Lemmon, S. D., which plaintiff owned and operated for about eight years and until April, 1927, when he sold the hotel to defendant. Defendant claims that the paintings passed to him at that time, in connection with and as a part of his purchase. Plaintiff maintains that he did not sell these pictures to defendant. Trial was had to the court without a jury. Findings, conclusions, and judgment in the court below were in favor of plaintiff, and, from the judgment and denial of his motion for new trial, defendant has appealed.

Material facts appear about as follows: Respondent being desirous of selling his hotel, appellant and his wife came from Mobridge to Lemmon to inspect the property as prospective purchasers. They investigated the property, discussed the matter with respondent, and decided to buy. No bill of sale or any other writing was signed by respondent containing any description of the personalty which was being sold to appellant. The parties went together to the office of a lawyer and there entered into a bilateral contract which described the lots upon which the hotel building

was located and provided that appellant was to pay "as the purchase price of said real estate above described (and certain personal property contained therein and about said premises) which has this day been sold and transferred to said second party" the sum of $23,000, being $5,000 at or before the delivery of the contract and the balance at the rate of $350 per month, and respondent contracted to furnish deed and abstract conveying good title to the realty in question on completion of the payments. The above-quoted recital is all that is found in the contract with reference to the personal property. At the same time appellant executed and delivered to respondent his promissory note for $18,000, payable $350 per month, representing the deferred payments specified in the contract, and to secure said note appellant executed and delivered to respondent, and respondent accepted and received, a chattel mortgage whereby appellant purported to mortgage to respondent "all the hotel furniture, fixtures and equipment and supplies contained in the hotel situated on Lots 6 and 7, Block 3, City of Lemmon." Respondent was permitted to testify that it was orally agreed between himself and appellant when they were discussing the matter of the sale prior to the execution of the writings above mentioned that the paintings in question were not to be included in the sale, but were to remain and continue the property of respondent to be left hanging on the walls until he saw fit at his convenience to come and remove them. Appellant denies that any such conversation took place and further claims that such testimony was inadmissible and that to permit the same to be introduced was a violation of the parol evidence rule. If such testimony was admissible, the question of credibility was for the court, and the evidence was sufficient to support the findings of the court in favor of respondent's ownership of the paintings. The chief question on this appeal therefore is as to the admissibility of this testimony.

█ Concededly, in the only writing signed by respondent, being the bilateral contract above mentioned, there was no statement or necessary implication that these paintings were being sold or transferred to appellant. As a matter of fact, that contract did not purport to transfer or pass title to any personalty whatsoever, but merely recited that the consideration for the $23,000 to be paid by appellant was the real estate therein described "and certain personal property contained therein and about said premises,"

which is about as indefinite a statement concerning the personalty as could well be made. Appellant, however, invokes sections 872 and 873, R. C. 1919; reading as follows:

"Several contracts relating to the same matters, between the same parties, and made as parts of substantially one transaction, are to be taken together."

"A contract must receive such an interpretation as will make it lawful, operative, definite, reasonable and capable of being carried into effect, if it can be done without violating the intention of the parties."

Appellant urges, since the contract and chattel mortgage were executed at the same time and as part of the same transaction and the chattel mortgage was accepted and received by respondent, that respondent stands in substantially the same situation as though he had executed a writing reciting in the words of the chattel mortgage that he conveyed and transferred to appellant "all the hotel furniture, fixtures and equipment and supplies contained in the hotel." Appellant contends that, since the paintings in question constitute furniture or fixtures or equipment of the hotel, respondent should not be permitted to show by parol that they were not included or intended to be included in the sale.

We are not able to agree with the view advanced by appellant. Conceding, without deciding, that respondent may be deemed by reason of acceptance of chattel mortgage to be in the same situation as though he had executed a writing reciting the transfer of "all the hotel furniture, fixtures and equipment and supplies contained in the hotel," nevertheless we are of the opinion that those words are not so clear, unambiguous, and all-embracing as necessarily to include these two paintings hanging on the walls. We do not think there is any language, either in the bilateral contract or in the chattel mortgage, which so plainly and necessarily includes the paintings in question as to preclude either party from showing by parol what was the actual intention between them as to whether the paintings were or were not included in the sale. Admitting that the paintings in question might be embraced within the meaning of the words "furniture, fixtures and equipment" (Peckham v. Peckham [1925] 97 N. J. Eq. 174, 127 A. 93), whether they were

so embraced in any particular instance would depend, we think, upon the surrounding circumstances and the intention of the parties (Ruffin v. Ruffin [1893] 112 N. C. 102, 16 S. E. 1021), and could be evidenced by parol, and so to do would not contradict any terms of the writing.

Being of the opinion that this evidence was properly admissible and that the findings are sufficiently supported thereby, the judgment and order appealed from are affirmed.

All the Judges concur.