[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 514 
The first of the above entitled actions is one brought by the administrator c.t.a. of the estate of Margaret F. Hennessy, deceased, who died on April 6, 1947, leaving a will made a few days earlier in which no executor was named. The will was probated by the Surrogate of Essex County on December 12, 1947 and letters of administration c.t.a. were issued to the plaintiff in that action. His complaint seeks a construction of the will and instructions to himself as such administrator.
The second of the above entitled actions is one for the partition of certain real estate in the City of East Orange of which the testatrix died seized. The action is brought by two sisters and a brother of the testatrix. Two of these plaintiffs are married and their spouses are joined as co-complainants. The defendants are said to be other heirs at law of the decedent *Page 515 
and their respective spouses. The complaint is based upon the claim that the testatrix died intestate with respect to the property sought to be partitioned. The real estate described in the complaint consists of a small curtilage of land upon which stands a small one family, two story frame dwelling house. That property does not lend itself to actual partition and a sale is sought.
A pretrial conference was had on January 27, 1949 in the action secondly above set forth at which time both actions were by order of the court consolidated.
The only question presently before the court is that calling for a construction of the will. It is a homemade product and, as is so frequently the case with such efforts, it bristles with infirmities. There are nine specific bequests to designated legatees of items of jewelry. These bequests are preceded by the following clause in the will: "Real estate and moneys to be divided equally after all funeral and debts are paid." Following the nine specific bequests is the following clause: "Grand father's clock to by brother Mr. Thomas Donnelly and any other furniture he wants to select for him self. Rest to be sold and divided equally." There are no other provisions in the will and no executor is named. The two quoted provisions are presented for construction.
The real estate and moneys (after payment of debts and funeral expenses) are to be divided equally, but nowhere in the will does the testatrix furnish the identity of the persons amongst whom the division is to be made. There is a complete omission of designation of beneficiary and it is plain that in respect of the real estate and moneys the testatrix died intestate. Generally, intestacy results where the will makes no disposition of some property, or fails to name the donee, or fails in both respects. Here the fatal infirmity is the want of beneficiary and the court is powerless to cure it. In seeking the testamentary intent, we are necessarily confined to the testament itself. The court is not free to employ imagination or the process of conjecture to supply that which the testatrix omitted to say and which is not reasonably inferable from the language that does appear. InFederal Trust *Page 516 Co. v. Ost, 120 N.J. Eq. 43, 183 Atl. 830, affirmed121 N.J. Eq. 608, 191 Atl. 746, the testator endeavored to dispose of his estate by leaving to the beneficiaries stated percentages which totaled less than one hundred per cent. The court held that with respect to the deficiency, the result was partial intestacy. The court said:
"* * * It is an unfortunate result that partial intestacy should follow but the court is powerless to change that result. It should not, in the guise of interpretation, rewrite the testator's will. It is, therefore, held that the testator died intestate with respect to twenty-five per cent. of the property remaining after the payment of debts, funeral expenses and general legacies."
I therefore hold that in the case at bar testatrix died intestate in respect of real estate and moneys. The real estate descends to her heirs, in accordance with the statute and the moneys go to her next of kin, in accordance with the statute governing the distribution of the personal property of an intestate. Those moneys are expressly subjected to the charge of debts and funeral expenses and if there be an insufficiency for that purpose, the real estate may be resorted to for the shortage. This question is a practical one with which the administrator c.t.a. will have to deal.
The bequest to the brother, Thomas Donnelly, of a grandfather's clock and "any other furniture he wants to select for him self" enables him to take all the furniture, if he so choose. If he elects not to take any part of the furniture, then that part falls within the direction of the will that the "Rest to be sold and divided equally." Here again there is a failure to designate the beneficiaries amongst whom that division is to be made. If there should arise such "residue" of furniture, the same will belong to the next of kin. The direction to sell carries with it an implied power of sale and that power resides in the administrator c.t.a.
I am of the opinion that the word "furniture" as used in the bequest to the brother Thomas Donnelly, is confined to articles such as are ordinarily purchased in furniture stores. The term is not synonymous with the word "furnishings" which is broader and embraces both articles of utility and *Page 517 
adornment contributing to the setting up of a complete household. I have examined the several New Jersey cases in which the word "furniture" is given a wider meaning, but in those cases the word was used in conjunction with other language such as "and my personal belongings," indicating a broader intent. It is therefore held that the bequest to the brother does not carry with it any linens, silver, crockery or other articles not strictly furniture, such as beds, chairs, tables and kindred items.
The partition suit may proceed and if all the necessary parties are before the court, an order for sale may be entered. The matter of costs is reserved.