Theodore M. UTCHEN, Plaintiff-Respondent,

v.

The AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, Defendant-Appellant.

No. 23458.

Kansas City Court of Appeals.

Missouri.

April 2, 1962.

William R. Fish, Knipmeyer, McCann & Millett, Kansas City, for appellant.

Theodore M. Utchen, pro se.

BROADDUS, Judge.

This case involves the construction of an insurance policy. On March 18, 1959, Theodore Utchen, the plaintiff, at Ann Arbor, Michigan, purchased an insurance policy from the defendant insurance company, known as Trip-Master Policy No. ABC 587596, insuring personal effects and baggage. On April 2, 1959, while the policy was in full force, the plaintiff's locked automobile, while parked on a Des Moines, Iowa, public street, was broken into and the contents thereof looted. Included in the items stolen were a number of articles of women's clothing and many pieces of sterling silverware.

On April 6, 1959, plaintiff made written claim of the defendant in the amount of $701.75, of which $131.00 was for loss of women's clothing, and the remainder was for the loss of a silverware chest and sterling silver. The defendant by letter informed plaintiff that loss of silverware was not covered by his insurance policy and offered payment in the amount of $131.00 in full settlement of plaintiff's claim, said amount representing the value of the lost clothing. The plaintiff by letter dated May 3, 1959, declined to accept the sum offered in full satisfaction of his claim and asked defendant the basis for its excluding the silverware from coverage. The defendant replied by letter dated May 8, 1959, to the effect that the policy excluded "household furniture and the silverware would definitely fall under this category." In the same letter plaintiff was advised that since he was demanding payment for the full amount of his loss the offer of $131.00 in settlement was being withdrawn. The plaintiff by letter dated May 21, 1959, again made demand for payment of $701.75, and upon not hearing further from defendant, filed this suit for $701.75 plus penalties for vexatious delay and attorney's fees.

After defendant's answer was filed plaintiff filed a motion for summary judgment as to the question of liability, with affidavits and exhibits in support thereof, and defend-

ant moved the court for summary judgment on the same issue. The trial court granted plaintiff's motion and overruled defendant's motion and, after hearing the evidence as to values, with jury waived, found for plaintiff in the amount of $701.75 and costs, but denying recovery for vexatious delay and attorney's fees. Defendant appealed.

The portion of the policy out of which this action arises is Part XI. It reads as follows:

"This Policy insures Personal Effects (EXCLUDING ANIMALS, AUTOMOBILES, AUTOMOBILE ROBES AND AUTOMOBILE EQUIPMENT, MOTORCYCLES, BOATS, MOTORS, OR OTHER CONVEYANCES OR THEIR APPURTENANCES, excepting BICYCLES while checked as baggage with a common carrier, HOUSEHOLD FURNITURE, ARTIFICIAL TEETH AND LIMBS, MONEY, SECURITIES, TICKETS AND DOCUMENTS) owned by and for the personal use, adornment or amusement of the Insured or any member of the Insured's family traveling with Insured, while in transit or while in any hotel or other building en route during any journey anywhere in the World on water, land or in the air."

Defendant's first contention is that while the insurance contract provided coverage for loss of "Personal Effects" that term does not include "silverware" within its meaning.

Counsel for both plaintiff and defendant in their exhaustive briefs rely on cases where the term "personal effects" was used in wills and the courts in those cases were endeavoring to ascertain the intent of the testator in a particular will. Those precedents actually are of little help in the case at bar where we are construing a contract of insurance, and where we are concerned only with the meaning of "personal effects" as used *in this contract*. As stated in one of the cited cases:

"*The term 'personal effects' has no settled technical meaning. Its interpretation varies with the setting in which it appears. It is sometimes construed as embracing only tangible property having an intimate relation to the person* (citing cases); *and is sometimes given a broader meaning* (citing cases)." In re Maurer's Estate, 192 Misc. 627, 84 N.Y.S.2d 153.

 It is the settled law of this state that a contract of insurance will be construed strictly against the insurer and liberally in favor of the insured; that a provision in the contract reasonably susceptible of two meanings, one of a broader and the other of a narrower scope, will be given that interpretation which is most favorable to the insured. Construing the term here involved in the light of these holdings compels us to rule the contention against defendant.

Defendant also contends that even if the loss of silverware should be construed as being a loss of personal effects, there is still no insurance coverage for such a loss under the policy for the reason that "Household Furniture" is specifically listed as an excluded item from insurance coverage in Part XI of the policy.

Plaintiff has cited a number of cases holding that a bequest of "furniture" did *not* include silverware, one of which is the well considered case of Ruffin v. Ruffin, 112 N.C. 102, 16 S.E. 1021. We quote the following from that case:

"* * * The word should be construed according to its usual meaning * * *. That which fits a house for use is its furniture * * *. *In its ordinary acceptation the word has not been understood to include silverware, china, glassware, books, or portraits* attached to the wall, that are not generally essential to the comfort and convenience of housekeepers * * * *in most of the cases cited to sustain the plaintiff's (legatee's) claim that all of*

*these articles are embraced, it appears from examination that the bequest was of 'household furniture, goods and chattels' in a particular house, or 'household goods and furniture \* \* \*'. We think it manifest \* \* \* that neither books, portraits, nor silverware are embraced by the simple word 'furniture,' as used in common parlance."*

■ We are in accord with the view expressed in the case of Kinney v. Thomlinson, 2 N.J.Super. 512, 64 A.2d 641, "that the word 'furniture' \* \* \* is confined to articles such as are ordinarily purchased at furniture stores." Certainly one intending to buy sterling silverware would not go to a furniture store.

■ In any event, this attempt by defendant to avoid liability is barred by the familiar rule that provisions in insurance policies designed to cut down, restrict, or limit, the insurance already granted, or introducing exceptions or exemptions, must be strictly construed against the insurer.

■ Plaintiff contends that he is entitled to 10 percent statutory damages and an attorney's fee for defendant's vexatious refusal to pay the loss. This contention is without merit for the primary reason that the trial court ruled against plaintiff on this point and he did not appeal. Thus he is in no position to complain. Fraker v. Commonwealth Casualty Co., 278 S.W. 1053 (Mo.App.)

■■ Plaintiff also contends that under Rule 83.13 Missouri Rules of Civil Procedure, V.A.M.R., he is entitled to damages not exceeding 10 percent of the *whole* judgment herein on account of defendant's alleged vexatious appeal. This rule does not prescribe the conditions under which such damages may be allowed and the award must rest in the exercise of sound discretion. The appellate courts are reluctant to impose a penalty for vexatious appeal and do so only when it appears *that the appeal is so devoid of merit as to force the con-*

*clusion that it was not taken in good faith.* Wigger v. Consumers Cooperative Ass'n, 301 S.W.2d 56 (Mo.App.). The penalty is never assessed where there is an unsettled question of law. Whited v. Guarantee Trust Life Ins. Co., 237 S.W.2d 915 (Mo. App.). Neither party has called our attention to a single decision involving an insurance policy where it was held that silverware was included within the term "Personal Effects". The question presented on this appeal is apparently one of first impression. This, of itself, calls for the denial of plaintiff's request.

The judgment is affirmed.

All concur.

HUNTER, P. J., and CROSS, J., concur.