Iva E. BASORE, Appellant,

v.

**ALLSTATE INSURANCE COMPANY,**
a Corporation, Respondent.

No. 23835–A.

Kansas City Court of Appeals.

Missouri.

Dec. 2, 1963.

Richard E. Graulich, Anthony J. Romano, Romano & Graulich, Kansas City, for appellant.

John M. Kilroy, Don B. Roberson, Kansas City, for respondent.

HUNTER, Judge.

Before us is a suit on the uninsured automobile coverage clause of an automobile insurance policy issued by defendant-respondent, Allstate Insurance Company, to William M. Basore whose wife Iva E. Basore, plaintiff-appellant, sought recovery in the sum of $5,000 for injuries she allegedly suffered while riding as a passenger in her husband's automobile which was struck by a hit-and-run motorist. At the close of plaintiff's evidence the trial court directed a verdict for defendant and this appeal followed.

The principal issues as developed in the briefs of the parties are (1) whether Mrs. Basore was an insured within the meaning and protection of the uninsured automobile amendatory endorsement; (2) whether she was required to and did prove she sustained any injuries at the time of physical contact between the hit-and-run automobile and the automobile she occupied; and whether she had complied with certain conditions contained in the policy.

In her petition for damages Mrs. Basore alleged the existence of Policy No. 10 522 358 issued by the defendant and her coverage under it. She also alleged the facts upon which she relied for her recovery. Defendant in its answer admitted the issuance of the policy, that it was in effect at all pertinent times, and pleaded specifically certain portions of it including Section II as follows: "Section II—Protection Against Bodily Injury By (Un)Insured Automobiles—Allstate will pay all sums which the insured shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such automobile. Bodily injury benefit each person $5,000.00, each accident $10,000.00."

At the commencement of the trial in his opening statement to the jury defendant's counsel told the jury "there is what is written as uninsured motorist coverage, and this is the type of coverage in which the Insurance Company agrees to pay such sums as the insured may be legally entitled to recover, and I emphasize the words 'legally entitled to recover', from the owner or op-

erator of an uninsured automobile." He added that under the policy Mrs. Basore relied on "The coverage is specifically that the Insurance Company shall pay such sums as the insured would legally be entitled to recover."

At the close of the opening statements plaintiff's counsel asked the court's permission to read into evidence a portion of the defendant's answer to show coverage under the provisions of the policy. To avoid this defendant's counsel admitted the issuance of the policy; that it was in force on May 24, 1960, the day of the accident; and that it afforded protection against bodily injury by uninsured automobiles under Section II of the policy, "subject to the terms and conditions of the policy." Plaintiff's counsel then read into evidence the mentioned Section II which read the same as set out above in defendant's answer.

The evidence disclosed that Mr. and Mrs. Basore were husband and wife and lived together in their home in Independence, Missouri. On May 24, 1960, they were traveling in their family car, a 1957 Dodge, to a lakeside cabin they owned near Warsaw, Missouri. Mr. Basore was driving and she was sitting beside him.

As they proceeded down Number 7 Highway one mile west of Creighton a car from the opposite direction approached them. This car was partly across the center of the narrow road, a foot and a half approximately. Mr. Basore endeavored to avoid a collision but it struck the side of the Basore car which then went off the highway out of control, ran through a fence and struck a tree.

Mrs. Basore was asked: "Q. If your husband had continued straight on with the other car being into your lane a little bit would the cars have hit? A. They would have." When the other car's bumper hit Mr. Basore's car, "it didn't stop us, just brushed us, * * * and when we hit the shoulder the other car was gone * * *." * * * "Could you tell who was

driving that car? A. No."

Mr. Basore testified the oncoming car "hit" his car. He was asked, "Q. Had it not been for the contact with this other car could you have maintained your car on the highway? A. I think so. * * * I pulled over as far as I could get without hitting the lip, trying to dodge that car. * * * He kept easing toward me. * * Was your car entirely on the pavement when it happened? A. My car was right at the edge of the lip."

Mrs. Basore was injured by the occurrence. Several highway partolmen came to the scene, and took her and her husband directly to the hospital at Harrisonville. There she was treated for her injuries and by ambulance sent on to St. Luke's Hospital in Kansas City. Later, she was examined by Dr. Overesch and Dr. Filger, the defendant company's doctors, as well as by several of her own choice.

█ Turning to the first mentioned issue, it is defendant's position that since Mr. Basore was the only named insured, Mrs. Basore was not an insured under the un·insured automobile portion of the policy. Part of defendant's contention involves the failure of plaintiff's counsel to include in the introduction into evidence as a part of the written policy document (plaintiff's Exhibit 11) and its amendatory endorsements that part which contains the Section II which defendant pleaded in its answer, told the jury about in its opening statement, admitted the existence of and which plaintiff's counsel read into evidence at the commencement of the trial. We find no merit in any contention that Section II was missing from plaintiff's presented case and that plaintiff is limited to the policy as it appears in her Exhibit 11.

That part of the insurance policy contained in Exhibit 11 contains a definition of terms and in part X, paragraph 1, provides: "The unqualified word 'insured', wherever used with respect to the liability insurance, includes the named insured, spouse, and

\* \* \*." And in paragraph 8 the provision is, " 'Spouse' means the spouse of the named insured if a resident of the same household."

■■ It is our view of the policy that Section II thereof providing coverage to the "insured" against injury occasioned by uninsured automobiles must be read in the light of the policy definition of an insured as including his spouse residing in the same household. Or differently stated, the term "insured" by definition contained in the policy includes the named insured's spouse residing with him. Since such a spouse is also an "insured" and Section II of the policy provides "the insured shall be legally entitled to recover" etc., the spouse may maintain a suit as an insured under the uninsured automobile amendment to the policy. The uninsured automobile coverage is not limited to the *named* insured.

■ Defendant's argument to the contrary, at best, might be deemed to indicate that the policy is possibly ambiguous as to whom it covers as the insured in its uninsured automobile amendatory endorsement. If we were to find or assume such an ambiguity it would be of no aid to defendant which prepared the policy, for the rule is if the insurance policy is reasonably open to different constructions, since the insurer wrote the policy that construction which is most favorable to the insured must prevail. Utchen v. American Casualty Co. of Reading, Pa., Mo.App., 356 S.W.2d 102; Stewart v. North American Accident Insurance Company, Mo.App., 33 S.W.2d 1005.

Another principal issue involves a different portion of the uninsured automobile amendatory endorsement. It provides, "Under Section II, the term 'uninsured automobile,' as defined, shall include a 'hit-and-run automobile,' and additional definitions under Section II are: 'hit-and-run automobile' means an automobile which causes bodily injury to an insured arising out of physical contact of such automobile with the insured or with an automobile which

the insured is occupying at the time of the accident, provided: (1) there cannot be ascertained the identity of either the operator or the owner of such 'hit-and-run automobile'; (2) the insured or someone on his behalf shall have reported the accident within 24 hours to a police, peace or judicial officer or to the Commissioner of Motor Vehicles, and shall have filed with Allstate within 30 days thereafter a statement under oath that the insured or his legal representative has a cause or causes of action arising out of such accident for damages against a person or persons whose identity is unascertainable, and setting forth the facts in support thereof; and (3) at Allstate's request, the insured or his legal representative makes available for inspection the automobile which the insured was occupying at the time of the accident."

■ Under the above provisions was it necessary for plaintiff to prove she sustained her injuries at the very moment of and by the physical contact with the hit-and-run automobile, or, is it sufficient that she prove injuries sustained when the Basore automobile after being struck by the hit-and-run car went out of control and hit the fence and tree. Viewing the evidence and its reasonable inferences in the most favorable light to plaintiff, as we must in reviewing an appeal from a directed verdict and judgment against plaintiff, the evidence permits a jury finding that Mr. Basore's automobile was still on the highway when it was struck a glancing blow by the hit-and-run automobile, causing it to go out of control onto the shoulder through the fence and hit the tree. While there is no evidence that any of plaintiff's personal injuries occurred at the exact time of the impact of the two cars, there is substantial evidence that she was injured after the impact of the two vehicles and as the out-of-control car in which she was a passenger went through the fence and hit the tree.

■ The cardinal rule in interpreting insurance policies, as in any contract, is to

ascertain and give effect to the intention of the parties as expressed therein. If the policy prepared by the insurer is open to different constructions, that which is most favorable to the insured must prevail. Overly technical and unrealistic constructions, or those which appear unreasonable or absurd in result, or which are not in accordance with the obvious objectives of the parties signatory are to be avoided.

■ As noted above, Section II of the policy provides "Allstate will pay *all sums* which the insured shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sustained by the insured, *caused by the accident* and *arising out of* the ownership, maintenance or *use of such automobile.*" (Emphasis ours.) Although the amendatory endorsement in defining an "uninsured automobile" to include a "hit-and-run automobile" additionally defines a hit-and-run automobile as meaning "an automobile which causes bodily injury to the insured arising out of physical contact of such automobile with the insured or with an automobile which the insured is occupying at the time of the accident. * * *" it does not say that the insured's recovery is *limited to* that personal injury occurring at the exact moment of the collision and that it does not also include injury occurring thereafter as the direct and proximate result of such collision. As we view it, personal injuries that are the direct and proximate result of the collision arise out of the use of the automobile and are caused by the accident. This view is in harmony with the quoted section allowing the insured to recover for all bodily injury caused by the accident and arising out of the use of the uninsured automobile.

In passing, we note that Mrs. Basore is admittedly an insured within the liability coverage of the policy, and had she been sued by another motorist could have called upon the defendant to handle her defense and pay any resultant judgment within the coverage amount against her. On the other hand if Mrs. Basore is negligently injured by an uninsured car defendant would refuse her coverages as not being the named insured. We think this view is not in accord with the purpose of the relatively new uninsured automobile coverage which is being placed in most liability insurance policies. Such coverage is intended to fill a gap in the protection of automobile liability insurance policy holders, and would not afford the needed, and we think intended protection if given the very restricted interpretation defendant now asserts.[1] We find no merit in defendant's contention.

Defendant also suggests plaintiff's evidence showed a noncompliance with conditions precedent in that she failed to give a sworn statement, failed to adduce any evidence that the identity of the hit-and-run driver was not ascertainable; and failed to file with Allstate within 30 days a statement under oath that she had a cause of action against such hit-and-run driver, "*and setting forth the facts in support thereof.*" (Emphasis defendant's.) However, we think there was evidence indicating either a compliance with these terms of the policy or a waiver thereof by the defendant.

■ Plaintiff testified in effect the hit-and-run driver was unknown to her, that she did not have a good look at him it happened so fast, and that he went on from the scene. Her husband gave similar testimony. Neither had opportunity to observe the make or other identifying features of the car. The State Highway Patrol came to the scene at once and was informed of the circumstances. Mr. Basore, his wife being hospitalized, immediately notified the defendant of the accident. Ac-

1. See, 5A Am.Jur., Automobile Insurance, Para. 82.5; 79 A.L.R.2d 1253; Kasdorf, Uninsured Automobile Coverage, Wisconsin Bar Bulletin (April, 1963) page 15; Article, American Bar Association, Section of Insurance, Negligence and Compensation Law (1960), page 281, 283; Risjord-Austin, Automobile Liability Insurance Cases, Chapter 62.

cording to defendant's opening statement the Highway Patrol never issued a hit-and-run order on the occurrence, inferentially because of lack of information of the identity of that car and its driver. Mr. Basore stated that since the accident he had never been able to ascertain the identity of either the driver or owner of the hit-and-run car. It is tacitly conceded defendant never learned of the driver's identity. This evidence, while somewhat scanty, is sufficient to overcome defendant's contention that plaintiff failed to adduce any evidence that the identity of a hit-and-run driver was not ascertainable.

The day after the accident Mr. Basore went to defendant Allstate Insurance Company's office in Kansas City, gave them notice of the accident, and while there filled out a form defendant requested him to execute. The next day while Mr. Basore was at the hospital visiting his wife an agent of defendant came to them and took a written statement from Mr. Basore. Also that day he was contacted by an agent of defendant who checked the damage on the Basore automobile and asked Mr. Basore questions as to how the accident occurred. Mr. Basore answered these questions, and the defendant paid for the repair of the car. Mr. Basore testified defendant has never asked him for any more information concerning the accident. There is no evidence indicating Mrs. Basore ever refused to give a statement or to answer questions asked by defendant. Additionally, defendant never requested a written report, apparently taking the position that there was no coverage of plaintiff as she was not a named assured. These and other facts in evidence which we need not specify in view of the well settled rules concerning waiver, are sufficient to support a finding of waiver of a written report as an alleged condition precedent to a right to recover. See 20A Am.Jur., Insurance, Sec. 1426, p. 536 and 1431, p. 542.

As stated in Thompson v. St. Charles County, 227 Mo. 220, 126 S.W. 1044,

"It has been uniformly held by this court that under the allegations in the petition that all of the conditions of the policy have been complied with, proof of waiver is permissible, and is proof of performance, within the meaning of the conditions of the policy." See, also, Supreme Ct. Rule 55.18, V.A.M.R. This allegation of compliance with all the conditions of the policy is contained in plaintiff's petition. Even if more were deemed required, plaintiff should be accorded the privilege of amending to conform to the proof. We find no merit in defendant's last contention.

To a great extent we have been guided by defendant's suggestions as to the respects in which plaintiff failed to make a case. We have also examined the transcript to determine if in any other respect that occurs to us plaintiff failed to make a submissible case and we have found none.

For the stated reasons, the judgment is reversed and the cause is remanded for a new trial.

All concur.